**UNITED STATES of America, Plaintiff–Appellee**

v.

**Samuel Paul PETTIS, Defendant–Appellant**

**United States of America, Plaintiff–Appellee**

v.

**Larry Shoumaker, Defendant–Appellant.**

Nos. 10–61008, 10–61009
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

April 17, 2012.

Clyde McGee, IV, Esq., Assistant U.S. Attorney, U.S. Attorney's Office, Oxford, MS, for Plaintiff–Appellee.

Gregory Scott Park, Assistant Federal Public Defender, Federal Public Defend-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

er's Office, Oxford, MS, for Defendant–Appellant.

Before JONES, Chief Judge, and JOLLY and SMITH, Circuit Judges.

PER CURIAM: *

In these consolidated appeals, Samuel Paul Pettis and Larry Shoumaker appeal the sentences imposed following their convictions for possession with intent to distribute cocaine base. They argue that the district court erred in failing to retroactively apply the Fair Sentencing Act of 2010, thereby adversely affecting the mandatory minimum sentences to which they were exposed.

This argument is foreclosed by *United States v. Tickles,* 661 F.3d 212, 215 (5th Cir.2011), *petitions for cert. filed* (Dec. 15, 2011) (No. 11–8023) *and* (Dec. 27, 2011) (No. 11–8268), which held "that the penalties prescribed by the FSA do not apply to federal criminal sentencing for illegal conduct that preceded the FSA's enactment." Although the Supreme Court has recently granted certiorari in two Seventh Circuit cases that held that the FSA does not apply retroactively, our precedent is nevertheless binding. *See United States v. Lopez–Velasquez,* 526 F.3d 804, 808 n. 1 (5th Cir.2008).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.